Patrick R. McGill, Esq. County Attorney, Clinton
I am writing in response to your request for an opinion as to the holdover provisions contained in County Law, § 151 and Public Officers Law, § 5.
According to your letter, the legislature unanimously selected a chairperson of the legislature for 1984, pursuant to section 151
of the County Law. An organizational meeting was called for January 2, 1985. The legislature was unable to select a new chairperson at that time. Your question is whether section 5 of the Public Officers Law applies, enabling the present chairperson to hold over until his successor is chosen.
Under section 151 of the County Law, a county legislature is charged with selecting a chairperson from among its members at the beginning of every year. The term of office expires at the end of the calendar year in which the selection was made, unless a provision has been made by local law for the selection of the chairperson in January of each even numbered year, in which event the term expires when the chairperson's term of office as legislator expires (id., § 151[4]). In the event the legislators are unable to select a chairperson by February 1, the county clerk is empowered to appoint a member of the legislature to serve as chairperson for the duration of the year (id.,
§ 151[5]). The question is who has the authority to act as chairperson during the month of January, 1985.
Section 151(7) of the County Law provides that the clerk of the county legislature may call a meeting of the legislature in the event of a vacancy in the office of chairperson. This section does not help resolve the immediate situation, however, because the clerk has already called a meeting, pursuant to section 151(1), and the legislature was unable to select a chairperson.
Section 151(6) allows the legislature to select an acting chairperson in the absence of the chairperson. The problem under consideration, however, is not the absence of the chairperson, but a vacancy in the office, due to the inability to select one.
Although the provisions of the County Law do not provide a solution, county legislators, as duly elected officials, are subject to the provisions of the Public Officers Law (Public Officers Law, § 2). Section 5 provides, in relevant part, as follows:
 "Every officer except a judicial officer, a notary public, a commissioner of deeds and an officer whose term is fixed by the constitution, having duly entered on the duties of his office, shall, unless the office shall terminate or be abolished, hold over and continue to discharge the duties of his office, after the expiration of the term for which he shall have been chosen, until his successor shall be chosen and qualified; but after the expiration of such term, the office shall be deemed vacant for the purpose of choosing his successor."
Section 5 is usually applied in a situation involving a vacancy in a public office. Here, however, there is no vacancy in the office of county legislator. The legislature has failed to designate a chairperson from among its members. You have indicated that a chairperson is needed for the legislature to conduct business. The purpose of the holdover provisions is to preserve continuity of governmental operations. In our view, section 5 applies and the chairperson for 1984 will hold over until the county clerk makes an appointment.
Accordingly, we conclude that under section 5 of the Public Officers Law, the chairperson of a county legislature is entitled to hold the position of chairperson until a successor is chosen.